[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14082
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00091-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL JOHN HANSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 26, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Paul Hansen appeals his convictions for criminal contempt, in violation of 18 U.S.C. § 401(3), arguing that he was not given the notice required by Fed. R. Crim. P. 42(a) for prosecution of criminal contempt, and that a grand jury subpoena does not qualify as a court order under 18 U.S.C. § 401(3).

## I.

We review the district court's conclusions of law *de novo*. *In re Reed*, 161 F.3d 1311, 1313 (11th Cir. 1998).

Under Rule 42, any person who commits criminal contempt may be punished for that contempt after prosecution "on notice." Fed. R. Crim. P. 42(a). The district court must "give notice in open court, in an order to show cause, or in an arrest order[,]" and the notice must state the time and place of the trial, allow the defendant a reasonable time to prepare a defense, and state the essential facts constituting the charged criminal contempt. Fed. R. Crim. P. 42(a)(1), (A), (B), & (C). A contemnor may not raise on appeal the inadequacy of a contempt notice unless he raised the inadequacy before the district court. *See Reed*, 161 F.3d at 1317.

Here, Hansen failed to object the notice inadequacy in the district court and, thus, cannot raise the issue on appeal. *Id.* Notably, in his motion for judgment of acquittal, Hansen only questioned whether the government had sufficiently established a *prima facie* case.

2

## II.

Hanson did not present to the district court in the first instance his objection that a grand jury subpoena does not qualify as a court order under 18 U.S.C. § 401(3). We therefore consider the objection for plain error. *United States v. Sosa*, 777 F.3d 1279, 1294 (11th Cir. 2015). To demonstrate plain error, the defendant must show that there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* "Plain" error means that the legal rule is clearly established at the time the case is reviewed on direct appeal. *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015). Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error absent a decision of the Supreme Court or this Court explicitly resolving the issue. *Id.* Such error must be so clearly established and obvious "that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *Id.* Hanson has cited nothing in the decisions of the Supreme Court or this Court that renders his objection meritorious. He has not demonstrated error, much less plain error.

**AFFIRMED.**

3